IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BOARD OF TRUSTEES OF THE        )
AUTOMOBILE MECHANICS' LOCAL     )
NO. 701 UNION AND INDUSTRY      )
PENSION FUND,                   )
                                )
            Plaintiff,          )
                                )
    v.                          )    No.  13 C 484
                                )
HENNESSY FORD, INC., et al.,    )
                                )
            Defendants.         )

<u>MEMORANDUM ORDER</u>

This Court has just issued a June 25 memorandum opinion and
order ("Opinion") in this withdrawal liability action brought
under the Multiemployer Pension Plan Amendments Act ("MPPAA").[1]
In material part the Opinion:

    1.  granted a stay to codefendant (and judgment debtor)
    Hennessy, Inc. ("Hennessy") during the course of ongoing
    arbitration proceedings (see Section 1401(f)(2)) and

    2.  denied a like stay to codefendant River Oaks Ford,
    Inc. ("River Oaks") and ordered it to pay all interim
    installments on account of its asserted withdrawal liability
    under MPPAA.

Meanwhile the Board of Trustees of the Automobile Mechanics'
Local No. 701 Union and Industry Pension Fund ("Trustees") has

---

[1]  Citations to MPPAA will take the form "Section --,"
employing the section numbers in Title 29 (where MPPAA is
codified) but omitting the prefatory "29 U.S.C."

had pending a motion ("Motion") seeking the turnover by River Oaks of assets belonging to judgment debtor Hennessy.

Now River Oaks has filed (on the same day the Opinion was issued) a response ("Response") in opposition to Trustees' Motion. In part the Response acknowledges, as Motion ¶4 had asserted, that River Oaks owes $750,000 to Hennessy, evidenced by a group of seven promissory notes ("Notes"). Motion Ex. 2 comprises photocopies of those Notes, including five aggregating $450,000 in principal amount that have matured and are unpaid.

River Oaks' Response correctly asserts that Trustees cannot obtain the turnover that they seek based on the present posture of the Notes, which by their terms are assets of judgment debtor Hennessy and may be enforced by it but not by Trustees. Before Trustees can pursue a remedy against citation respondent River Oaks that is predicated on the indebtedness evidenced by the Notes, it would have to take over the Notes by proceeding against Hennessy.

Any matters in that respect, however, are complicated by the just-ordered stay of proceedings as to Hennessy. Accordingly the Motion is simply entered and continued until the July 11, 2013 status hearing previously set by the Opinion. In the interim Hennessy is ordered to take no action with respect to any of the Notes without obtaining an authorizing order from this Court, while River Oaks is ordered to deal with its bank account at BMO

Harris N.A. only in the regular and ordinary course of business.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 26, 2013

---

[2]  Motion ¶8 has reported that River Oaks' bank statement as of February 28, 2013 showed a $54,567.96 balance in its BMO Harris N.A. account.